IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 08-cv-02383-WDM-KMT


ORACLE USA, INC., a Colorado corporation,
ORACLE INTERNATIONAL CORPORATION, a California corporation,
ORACLE SYSTEMS CORPORATION, a Delaware corporation,
ORACLE EMEA LIMITED, an Irish private limited company, and
J.D. EDWARDS EUROPE LIMITED, an Irish private company,


       Plaintiffs,

v.

SAP AG, a German corporation,
SAP AMERICA, INC., a Delaware corporation,
TOMORROWNOW, INC., a Texas corporation, and
DOES 1-50, inclusive,

       Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**


       This case comes before the court on "Spinnaker Management Group, LLC's ("SMG")

Motion to Quash Subpoena Duces Tecum" [Doc. No. 1, filed November 3, 2008]. Plaintiffs in

the underlying case (herein collectively "Oracle") filed their "Opposition to Spinnaker

Management Group LLC's Motion to Quash Subpoena Duces Tecum" on November 24, 2008

("Rsp.") [Doc. Nos. 8 and 9] and SMG filed it's Reply on December 8, 2008. [Doc. No. 12.]

Oral argument would not assist the court further and the matter is ripe for review and recommendation.

### *BACKGROUND*

The Oracle plaintiffs have filed suit in the Northern District of California against TomorrowNow and its parent companies, SAP AG and SAP America alleging, in part, that TomorrowNow improperly downloaded and used Oracle's proprietary, copyright protected software products and documentation related to Oracle's JD Edwards, Peoplesoft, and Siebel Systems products. (Rsp. at 1.) Oracle further alleges that SMG provides third party software support for Oracle's JD Edwards, Peoplesoft, and Siebel Systems software programs. (*Id*. at 1 - 2.) Oracle asserts that SMG took over service obligations for several former TomorrowNow customers when TomorrowNow ceased doing business. (*Id.*) Oracle, through its document subpoena on SMG, seeks information about whether TomorrowNow may have transferred Oracle-owned intellectual property to SMG, along with other information. (*Id.*)

Oracle served SMG with subpoenas for document production on October 21, 2008 which required documents to be produced on November 21, 2008 at 9:30 a.m. at the offices of Bingham McCutchen, LLP, Three Embarcadero Center, Suite 2800, San Francisco, California 94111. (Mot., Exh. A.) Oracle's subpoena requested documents and communications related to: Spinnaker's provision of software support for Oracle products; its acquisition of the JD Edwards support team consisting of former TomorrowNow employees; and Spinnaker's consideration of acquiring and/or investing in TomorrowNow. (Rsp. at 2.)

*ANALYSIS*

Fed. R. Civ. P. 45(a)(2) provides

> (2) Issued from Which Court. A subpoena must issue as follows:
> (A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;
> (B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and
> (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

*Id.*

Oracle argues that the place where "production . . . is to be made" is the District of Colorado because the documents reside in Colorado and will have to be mailed to California to comply with the subpoena. Oracle theorizes that "production" occurs at the moment SMG puts the documents in the mail or gives them to a delivery service; therefore the "production" will take place in Colorado. Courts across the country have uniformly rejected this analysis, however, and have consistently held that the court to properly issue a Rule 45 document subpoena is the court where the documents will <u>ultimately</u> end up, in this case the Northern District of California. *Spratt v. Leinster,* 2007 WL 1834035 (D. Colo. 2007). *See also, United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d 462, 468 (6th Cir.2006); *Burks v. Fulmer Helmets, Inc.*, 2009 WL 742723, *1 - 2 (N. D. Miss. 2009); *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, 2008 WL 4829583, *1 (E. D. La. 2008); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002); *American Nat. Ins. Co. v. RBS Citizens, N.A.*, 2008 WL 3992786, *1 (D.R.I. 2008); *Monsanto Co. v. Victory Wholesale*

*Grocers*, 2008 WL 2066449, *3 (E.D.N.Y. 2008); *Hickman v. Hocking*, 2009 WL 35283, *1 - 2 (S. D. Ill. 2009).

The subpoena at issue in this case was issued out of the District of Colorado for production of documents in the Northern District of California. Therefore, the subpoena is fundamentally flawed, requiring that the subpoena be quashed because this Court has no authority to enforce such a subpoena. *McKenna v. CDC Software, Inc.*, 2008 U.S. Dist. LEXIS 69453, *3 - 4 (D. Colo. 2008); *Echostar Commc'ns Corp. v. The News Corp.*, 180 F.R.D.391, 396-97 (D. Colo. 1998). *See also Falicia v. Advanced Tenant Servs.,* 235 F.R.D. 5, 11 (D.D.C.2006).

Additionally, SMG has raised a number of objections pertaining to privileges and protections for the documents sought by the subpoena. Although this Court's mandatory recommendation to quash unavoidably elevates form over substance, it cannot be disputed that the District Court for the Northern District of California, where the underlying litigation is being conducted, is in a far better position than the District of Colorado court to address substantive issues of privilege and privacy as they relate to these parties.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that Spinnaker Management Group, LLC's ("SMG") Motion to Quash Subpoena Duces Tecum" [Doc. No. 1] be **GRANTED**, that the subpoena be quashed and that this case be dismissed.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).

      Dated this 27th day of March, 2009.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge